IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30353

Summary Calendar

_____


SUSAN HAMMOND GREEN,

                                Plaintiff-Appellant,

        v.

FAIRMONT HOTEL MANAGEMENT COMPANY; SWIG INVESTMENT COMPANY,
also known as SIC Company

                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-4157 C)
_____
October 14, 1996
Before KING, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Susan Green challenges the district court's grant of summary

judgment in favor of the Fairmont Hotel Management Company in her

suit seeking severance pay after the termination of her employment.

The district court found that Green was precluded from recovery

because she had voluntarily signed a General Release and Covenant

---

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Not to Sue at the time of her termination. Finding no error, we affirm.

## I. BACKGROUND

The Fairmont Hotel Management Company ("the hotel") hired Green as an at-will employee in September 1975. Shortly thereafter, Green became the hotel's Director of Human Resources. In August of 1993, Green was informed that she could no longer be the Director of Human Resources. Given the option of applying for a lower level position or leaving, Green chose to resign.

In conjunction with her departure from the hotel, Green signed a General Release and Covenant Not to Sue ("the Release"). Prior to signing the document, Green negotiated several changes in its terms, such as the substitution of a $5,000 cash payment in lieu of career counseling services.[1] Including the $5,000, Green received a total of $26,500 for signing the release. In return, the release provided that Green fully released the hotel "from all actions . . . including but not limited to any claims relating to wages, benefits, penalties and attorneys' fees arising under applicable federal, state or municipal statute, . . . [or] any state or federal discrimination charges . . . ." The agreement also releases the hotel from "any contract or tort claim related in any manner to Releasor's employment and/or termination."

The representations and warranties section of the Release

---

[1]The hotel does not generally offer career counseling services to terminated employees.

2

provides that the Releasor "represents, warrants and agrees" that she has signed the release voluntarily, and that she "[did] not rely upon any statement, representation, or promise of Releasees or of any agent, attorney, or other representative of or for Releasees in executing this Release, or in settling this dispute." The release further provides that the Releasor "acknowledges and agrees that no other consideration has been or will be furnished or paid by these Releases." The Release is "intended to be final and binding and to be effective as a full and final accord and satisfaction of any and all disputes between Releasees and Releasor."

Approximately eight months after signing the Release, Green made a formal demand for additional severance pay.[2] The Release contains a mandatory arbitration clause, but the parties were unable to agree on its scope. Green subsequently filed suit in Louisiana state court alleging that the hotel had violated a Louisiana statute requiring the payment of any amount owed to an employee upon termination.[3] In the alternative, Green alleged that the hotel's failure to pay her two weeks severance pay for each year of employment, as it had done on occasion for its male

---

[2]The hotel has no written policy on severance pay.

[3]Green alleged that she consulted an attorney who assured her that signing the release would not preclude her from demanding severance pay. Green did not disclose the name of the attorney before the entry of summary judgment, but in her motion for rehearing, she alleged that she had spoken to one of the hotel's attorneys.

3

employees, constituted sex discrimination.  The defendants removed to federal court on diversity grounds and moved for summary judgment on the grounds that the Release was valid and enforceable as a matter of law, or, in the alternative, that Green ratified the Release by keeping the money given to her by the hotel.  The district court granted the motion, and Green timely appealed.

## II. DISCUSSION

We review a summary judgment de novo, applying the same standards used by the district court.  Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).  In reviewing the evidence, we view all facts and inferences in the light most favorable to the nonmoving party.  Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(c).

The district court's jurisdiction was based on diversity of citizenship.  Thus, the district court correctly applied Louisiana law to this Louisiana-centered dispute.  Under Louisiana law, a compromise, such as the Release, has the force of a judgment and cannot be set aside in the absence of error in the person, error on the matter in dispute, fraud, or violence.  LA. CIV.CODE arts. 3078 & 3079; Brown v. Drillers, Inc., 630 So. 2d 741, 747 & n.9 (La.

4

1994); see <u>Bailey v. Martin Brower Co.</u>, 658 So. 2d 1299, 1301 (La. App. 1 Cir. 1995)("A release of claim or claims, when given in exchange for consideration, is a compromise and constitutes the basis for a plea of res judicata.").

Green argued to the district court, and she argues here, that the Release should not be enforced because she was materially mistaken about whether it covered severance pay. She claimed that she only signed the Release after a lawyer - on rehearing, it became the hotel's lawyer - assured her that she would still be able to pursue a claim for severance pay. Green did not assert a claim for fraud. Green's reliance on the erroneous advice of the attorney, however, does not affect the enforceability of the Release.

Transactions or compromises "can not be attacked on account of any error in law or any lesion." LA.CIV.CODE art. 3078; <u>Brown</u>, 630 So. 2d at 747; <u>Kozina v. Zeagler</u>, 646 So. 2d 1217, 1220 (La. App. 5 Cir. 1994); <u>Carter v. Jefferson</u> 597 So. 2d 128, 130 (La. App. 5 Cir. 1992), <u>writ denied</u>, 600 So. 2d 609 (La. 1992). In <u>Carter</u>, the court dismissed an insurance company's demand of repayment of a settlement. <u>Carter</u>, 597 So. 2d at 131. The insurance company had not realized until after it had settled that the insured's policy did not include liability coverage. <u>Id</u>. at 130. Finding the settlement to be enforceable, the court stated, "Alliance made an error of law when it assumed Ms. Jefferson's policy included liability as well as collision and comprehensive coverage. It

5

cannot now attack its compromise for this error of law." Id. Likewise, Green cannot now attack the Release based on her own error of law. The district court correctly concluded that the Release signed by Green precluded her suit.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.